**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. ______________

SUNCAST CORPORATION

Plaintiff, Jury Trial Demanded

v.

KETER US INC.,

Defendant.
________________________________/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Suncast Corporation ("Suncast" or "Plaintiff") sues Defendant Keter US Inc. ("Keter" or "Defendant") for Patent Infringement under the Patent Act of 1952, as amended, codified at 35 U.S.C. § 1 *et seq.*, and complains as follows:

**JURISDICTION AND VENUE**

1. This is an action for Patent Infringement under the Patent Act of 1952, as amended, 35 U.S.C. § 271.

2. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Keter, a Delaware corporation registered to do business in Florida with its principal office located at 901 W Yamato Road, Suite 180, Boca Raton, Florida 33431, where it offers for sale and/or sells the accused Bar Shed product throughout this State and others. Keter is subject to general and specific personal jurisdiction in Florida with respect to this action.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1400(b), because Keter is subject to personal jurisdiction in this District, has committed acts of patent infringement in this District, and maintains a regular and established place of business in this District.

## THE PARTIES

5. Plaintiff Suncast is an Illinois corporation having its principal place of business at 701 North Kirk Road, Batavia, Illinois 60510.

6. Defendant Keter is a Delaware corporation registered to do business in Florida with its principal office address located at 901 W Yamato Road, Suite 180, Boca Raton, Florida 33431.

## BACKGROUND

7. Suncast is the leading U.S. based designer of resin consumer products for the home and industrial markets. Suncast's products are sold through over 25,000 retail outlets in the United States and Canada, primarily through big box stores, hardware stores, clubs and specialty retail chains, as well as major e-commerce platforms.

8. The scope of the extensive range of Suncast's products include innovative items in product categories including outdoor storage, lawn and garden, planters, snow tools, deck and patio accessories, outdoor furniture, and many more.

9. As part of Suncast's innovative product development, the inventions created in the course of product development for Suncast are routinely patented

10. As part of Suncast's outdoor storage product line, Suncast has developed and sold resin-based outdoor sheds.

11. On September 13, 2024, Suncast Technologies, LLC filed U.S. Patent Application No. 18/885,415 (the "'415 Application"), for the invention entitled "Cabana Bar Shed with Folding Bar Surface." The '415 Application claimed the benefit of the filing of U.S. provision application 63/584,075, which was filed September 20, 2023.

12. On July 14, 2026, the '415 Application was issued as U.S. Patent No. 12, 680,293 (the "'293 Patent").

13. A true and correct copy of the '293 Patent is attached as Exhibit "A".

14. As shown in Figure 1 of the '293 Patent, and addressed in claim 1 of the '293 Patent, the "Cabana Bar Shed with Folding Bar Surface" invention (the "Cabana Bar Shed")

includes a shed structure with at least one floor panel, multiple wall panels, and multiple roof panels, with an opening in at least one wall of the cabana:




Fig. 1

15. The Cabana Bar Shed includes an upwardly opening cover panel that covers the opening in the closed position and allows access through the opening in the open position.

16. In allowing the ’293 Patent to issue, the Examiner at the U.S. Patent and Trademark Office (USPTO) stated, in the Notice of Allowability, that:

> Although the references of record show some similar technical features of Applicant’s claimed device, they fail to show or teach the claimed invention, wherein:
>
> - a cabana shed with a pivotally mounted bar surface is distinguished from the art by the inclusion of a rotation arrangement which enables the bar surface to be horizontally mounted in a use position—whereby the bar

surface extends through an opening in a wall of the shed—and a closed position—whereby the bar is positioned inside the shed.

17. A true and correct copy of the prosecution history for the ’293 Patent is attached as Exhibit “B”.

18. Via written agreement from Suncast Technologies, LLC, Suncast is the owner of all right, title, and interest in and to the ’293 Patent, including the right to exclude others from making, using, offering for sale, and selling the inventions claimed in the ’293 Patent.

**KETER’S INFRINGEMENT OF THE ’293 PATENT**

19. In early 2025, Suncast learned that one of Keter’s corporate parents or affiliates, formerly known as Keter Plastics Ltd. and currently operating as Keter Home and Garden Products Ltd., was marketing a “Bar Shed” product in Europe that appeared similar to Suncast’s Cabana Bar Shed product.

20. On April 28, 2025, Suncast sent a letter to Keter Plastics Ltd.’s headquarters in Herzliya, Israel, to put it on notice of the publication of the ’415 Application as U.S. Patent Application Publication No. 2025/0092666, as well as other patent rights that it had recently obtained, and related rights for the inventions in Europe and Israel.

21. A true and correct copy of Suncast’s letter to Keter Plastics Ltd. is attached as Exhibit “C”.

22. The purpose of Suncast’s letter was to provide formal written notice of the publication of these various patent applications because § 154(d) of the Patent Act provides for certain provisional rights against persons or entities that sell products covered by claims in a published application if (1) actual notice of the published application is given and (2) a patent subsequently issues with claims that are substantially identical to the claims in the published application.

23. Suncast advised Keter Plastics Ltd. that its “Bar Shed” product had features that fell within the scope of the claims in the published application, which could potentially result in patent infringement liability based on the issued claims and, therefore, that Keter Plastics

Ltd. should review the published applications and evaluate its products and any potentially infringing activities.

24. In June of 2026, Suncast became aware that Keter was advertising its Bar Shed product online on its US website at the URL: https://www.keter.com/en-us/sheds/bar-sheds-gazebos/signature-9x7-outdoor-bar-shed-walnut-brown-263553.html.

25. In June of 2026, however, Keter's website listed its Bar Shed as "Out of Stock" and unavailable for purchase, as shown in the screenshot below:




26. Keter's website provided the following images, showing the features and certain details of its Bar Shed:















27. Keter's website provides assembly instructions for its Bar Shed that can be downloaded from the website, located near the bottom of the webpage:




28. A true and correct copy of the assembly instructions is attached as Exhibit "D".

29. As of July 9, 2026, Keter has been offering for sale and/or selling its Bar Shed in the United States, as reflected in the screenshot below taken from its website:




30. As detailed in the online product images on Keter's website and diagrams in the assembly instructions, the Keter Bar Shed includes features that cause it to infringe, at least, claim 1 of the '293 Patent.

31. In addition to the other required limitations of claim 1 of the '293 Patent, and as shown in the product images above and in the assembly instructions, Keter's Bar Shed includes a pivotally mounted bar surface that is horizontally mounted in the use position, whereby the bar extends through the opening in the wall of the shed, and a closed position whereby the bar is positioned inside of the shed.

32. The bar surface in Keter's Bar Shed is attached by pivotal connections so that the bar surface extends through the opening in the shed wall, as shown below:






33. The Keter Bar Shed also includes a closed position where the bar surface pivots vertically so that it is positioned inside the shed, and therefore no longer extending through the

opening in the shed wall, thereby allowing the cover panel to cover the opening in the shed wall(s), as shown below:







34. In at least July of 2026, Keter's corporate affiliate was manufacturing the Bar Shed in Israel. However, contrary to the requirements of 19 U.S.C. § 1304 and 19 C.F.R. part 134, requiring foreign products to be "marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit, in such manner as to indicate

to an ultimate purchaser in the United States the English name of the country of origin of the article,” the only indication that Keter’s Bar Shed is “Made in Israel” is in the fine print on the last page of the assembly instruction manual (Ex. D at 104) which identifies that the Bar Shed product is “Made in Israel by . . . Keter Home and Garden Products Ltd., 1 Sapir St. Industrial Area, Herzliya 4685205, Israel.”

35. Keter imports the Bar Shed into the United States.

36. Keter’s corporate headquarters is located in Boca Raton, Florida.

37. From its Boca Raton office, Keter offers for sale and/or sells the accused Bar Shed product throughout the United States, including throughout Florida and this District.

**COUNT I – DIRECT PATENT INFRINGEMENT**

38. Plaintiff repeats and realleges Paragraphs 1–37, above, as if set forth herein.

39. This Count alleges direct Patent Infringement of U.S. Patent No. 12,680,293 (the “’293 Patent”) against Keter, pursuant to 35 U.S.C. § 271(a).

40. Keter has infringed and is continuing to infringe one or more claims of the ’293 Patent by making, offering for sale, selling, and using the Keter Bar Shed product embodying the invention protected under the claims of the ’293 Patent, and will continue to do so unless enjoined by this Court.

41. Keter has committed infringing acts, including offering for sale and/or selling the accused Bar Shed, in the State of Florida.

42. Since at least April 28, 2025, Keter had knowledge of the publication of the U.S. Patent Application Publication No. 2025/0092666, which matured into the ’293 Patent.

43. The claims of the published application are substantially the same as the claims in the ’293 Patent.

44. Keter’s acts of infringement of the ’293 Patent are willful, warrant the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

45. Keter's acts of infringement have occurred, are occurring, and will continue to occur without the authority or license of the Plaintiff. These infringing acts have caused, are causing, and will continue to cause injury to Plaintiff, including irreparable injury and damages unless and until Keter is enjoined from doing so by this Court.

**COUNT II – INDUCED PATENT INFRINGEMENT**

46. Plaintiff repeats and realleges Paragraphs 1–37, above, as if set forth herein.

47. This Count alleges induced Patent Infringement of U.S. Patent No. 12,680,293 (the "'293 Patent") against Keter, pursuant to 35 U.S.C. § 271(b).

48. Keter has infringed and is continuing to infringe one or more claims of the '293 Patent by actively inducing its customers to assemble the components of the Keter Bar Shed to create a product that embodies the invention protected by one or more claims of the '293 Patent, and will continue to do so unless enjoined by this Court.

49. As shown in the instructions provided by Keter on its website, which are also provided by Keter to the purchasers of the Keter Bar Shed itself, Keter is actively inducing the assembly of the Keter Bar Shed in a way that causes Keter's customers to create the invention claimed in one or more claims of the '293 Patent.

50. Keter knows and intends that its customers build the Keter Bar Shed according to the instructions it provides.

51. Keter has committed infringing acts, including through actively inducing its customers to infringe one or more claims of the '293 Patent, in the State of Florida.

52. Since at least April 28, 2025, Keter had knowledge of the publication of the U.S. Patent Application Publication No. 2025/0092666, which matured into the '293 Patent.

53. The claims of the published application are substantially the same as the claims in the '293 Patent.

54. Keter's acts of infringement of the '293 Patent are willful, warrant the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

55. Keter's acts of infringement have occurred, are occurring, and will continue to occur without the authority or license of the Plaintiff. These infringing acts have caused, are causing, and will continue to cause injury to Plaintiff, including irreparable injury and damages unless and until Keter is enjoined from doing so by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment against Defendant for infringement of the '293 Patent;

B. Permanently enjoin Defendant, its principals, officers, directors, agents, employees, subsidiaries, affiliates, and all other persons or entities in active concert or participation with it, from further acts of infringement, pursuant to 35 U.S.C. § 283;

C. Enter judgement for Plaintiff for an accounting as to all damages arising from Defendant's infringement of the '293 Patent;

D. Enter judgment against Defendant for damages arising from the infringement of the '293 Patent, pursuant to 35 U.S.C. § 284;

E. Enter judgment that this case is exceptional, and award Plaintiff treble damages, attorneys' fees and costs incurred in connection therewith, pursuant to 35 U.S.C. § 285; and

F. Enter judgment granting Plaintiff such other relief as this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demand a trial by jury on all issues so triable.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Andrew D. Lockton*
Andrew D. Lockton
Edward F. McHale
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
(561) 625-6575
(561) 625-6572 (fax)
alockton@mchaleslavin.com
emchale@mchaleslavin.com
litigation@mchaleslavin.com

*Attorneys for Plaintiff Suncast Corporation*